## Case No. 16,397.

UNITED STATES v. STEVENSON et al.

[Hoff. Land Cas. 156.] [1]

District Court, N. D. California. June Term, 1856.

MEXICAN LAND GRANTS—CONFIRMATION.

[Grant confirmed, where the title paper produced by the claimants was regular and proven to be genuine, and the expediente from the archives showed that all the preliminary proceedings were in due form, and that the grant was confirmed by the departmental assembly about six months after its date, it appearing that the conditions had been complied with.]

Claim for two leagues of land in Contra Costa county, confirmed by the board, and appealed by the United States.

William Blanding, U. S. Atty.

Volney E. Howard, for appellees.

[1] [Reprinted by permission.]

## Case No. 16,398.

UNITED STATES v. STEVENSON.

[6 Int. Rev. Rec. 221.]

District Court, S. D. New York. 1867.

PRACTICE—POSTPONEMENT OF TRIAL—COURT RULES —AMENDMENT OF PLEADINGS.

[1. Where the plaintiff in a common-law case, which has been placed on the calendar, and is called in its regular order for trial, desires a postponement until the next term for the purpose of obtaining the testimony of new witness-

es, it is not the proper practice to move on affidavits for such postponement. The practice in such case is (by district court rule 240) regulated by the rules of the circuit court, under which (rules 38 and 51) the plaintiff alone can notice a jury case for trial, and if, when it is called, he is not ready, all that is required is that he shall fail to respond, in which case it is marked as "Passed." After the jury for the term has been discharged, defendant may move for a judgment of dismissal, and plaintiff in answer thereto may show his excuse, and if it be deemed sufficient, the court can permit him to stipulate to try the cause at the next term.]

[2. In an information at law against defendant for removing and converting to his own use certain cotton belonging to the United States, held, that certain newly-discovered evidence, showing new transactions, in relation to the cotton, and in respect to which plaintiff showed that he was guilty of no laches, was sufficient ground for allowing a postponement of the trial until the next term, and for permitting an amendment to the information, even after the case was called for trial on the calendar.]

S. G. Courtney, U. S. Dist. Atty.
John E. Ward, for defendant.

BLATCHFORD, District Judge. This cause, which is an information filed by the United States, in a common-law action, against the defendant [Vernon K. Stevenson] for the alleged conversion of certain cotton, the property of the United States, being on the jury calendar of this court for trial at the present term, and being called in its order for trial, the district attorney moves on affidavit that the trial of the cause be postponed to the next term on the alleged ground that the testimony of sundry witnesses who are named, and who reside in Tennessee and elsewhere in the United States, cannot be procured in time for a trial at the present term and must be taken by commission, and that the necessity for the testimony of those witnesses has just been discovered under circumstances which excuse all charge of laches on the part of the United States. The motion so made is wholly unnecessary and not according to the practice of the court. By rule 240 of this court, the practice applicable to this case, at its present stage, is regulated by the rules of the circuit court now in force. By those rules (rule 38) only the plaintiff in a common-law suit can notice it for trial before a jury on an issue joined. The defendant cannot notice it. When it is noticed and put on the calendar by the plaintiff, if when it is called for trial the plaintiff is not ready to go to trial, it is unnecessary for him to make any motion, or to do anything more than fail to respond to the case when it is called. If he so fails, the case is marked as "Passed," and the defendant cannot then or there ask for any action of the court in the matter. But by rule 51 of the circuit court,

after the discharge of the jury in the same term for which notice of trial was given by the plaintiff, or at the next term, the defendant may move for judgment dismissing the suit because the plaintiff did not go to trial. If, in answer to such motion, the plaintiff shows sufficient excuse, to be approved by the court, for not having gone to trial, the court can permit the plaintiff to stipulate to try the cause at the next term. It would be sufficient in the present case to deny the motion of the plaintiff, as unnecessary and not according to the practice of the court; but, inasmuch as the whole subject is before the court now on affidavits on both sides, and the defendant moves to dissolve the attachment issued in the case, and the district attorney expresses his willingness to consider the defendant as moving to dismiss the suit under rule 51 of the circuit court, I shall dispose of the matter as if the defendant were making that motion.

The plaintiff also asks leave, on notice, to amend his libel by adding a new count. The testimony of the witnesses named in the affidavits on the part of the plaintiff as therein stated goes directly to the averments contained in such new count. The libel, as it stands without such new count, would seem to be confined to the transportation by the defendant of the cotton in question to New York, and the conversion of it there. The new count is not confined to transactions in the cotton at New York, but is broader in its scope. The answer already put in by the defendant denies all transactions in the cotton in question, at New York or elsewhere, and is therefore broad enough to cover the new count. I think that, under the facts disclosed in the affidavits on the part of the plaintiff, the amendment to the libel must be allowed, and that those affidavits show that the plaintiff has not been guilty of any laches. They show a sufficient excuse on the part of the plaintiff for not going to trial at this term. I shall therefore permit the plaintiff to stipulate to try the cause at the next term, and shall hold the attachment.

An order will be entered allowing the amendments proposed, and also dismissing the suit and dissolving the attachment because the plaintiff failed to proceed to the trial of the cause when it was called, in order, at the present term, unless the plaintiff, within five days after the entry of such order, gives to the defendant's attorney a stipulation to try this cause at the next term of this court at which a jury shall be in attendance, and the cause shall be called for trial in its order on the calendar; and if such stipulation be so given, then the suit is to stand and the attachment is not to be dissolved.